IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CHRIS NOEL CAMERON,              §
TDCJ #1934777,                   §
                                 §
            Plaintiff,           §
                                 §
v.                               §     CIVIL ACTION NO. H-14-1603
                                 §
CORRECTIONAL HEALTHCARE          §
COMPANIES, et. al.,              §
                                 §
            Defendants.          §

## MEMORANDUM OPINION AND ORDER

The plaintiff, Chris Noel Cameron (TDCJ #1934777), filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated while he was in custody at the Montgomery County Jail. Specifically, Cameron alleged that the defendants were deliberately indifferent to a serious medical need. Two of the defendants, Correctional Healthcare Companies, Inc. ("CHC"), and the Montgomery County Sheriff Department, have filed a joint motion for summary judgment. (Docket Entry No. 21). Cameron has not filed a response and his time to do so has expired. After considering all of the pleadings, the motion and the applicable law, the court will grant the defendants' motion and dismiss this case for the reasons explained below.

I. **Background**

Currently, Cameron is incarcerated by the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). When Cameron filed this lawsuit he was in custody of the Montgomery County Sheriff's Department at the Montgomery County Jail. The defendants are the CHC, which provides healthcare services for inmates at the Jail, the Montgomery County Sheriff's Department, and a healthcare supervisor identified as Tammy Tovar, who has not been served.[1]

In July of 2012, Cameron sustained serious injuries, including a comminuted fracture of his left femur, when the vehicle he was driving rear-ended a Ford F-350 pick-up truck in Montgomery County.[2] Cameron's damaged left femur needed multiple surgeries and required the internal fixation of hardware to stabilize the fracture.[3] Subsequently, Cameron contracted a chronic bone infection and was diagnosed with MRSA osteomyelitis in October 2012.[4] Cameron was treated initially with an intravenous ("IV") antibiotic, Vancomycin, but was later switched to an oral

---

[1] Docket Entry No. 17 (return of service unexecuted for Ms. Tovar, who reportedly no longer works at the Montgomery County Jail).

[2] Docket Entry No. 22, Exh. C, at 65.

[3] Docket Entry No. 22, Exh. D, at 195, 527.

[4] Id. at 275.

antibiotic, Bactrim.[5]  Cameron's infection proved difficult to treat.  For nearly a year (between December 2012 and December 2013), Cameron alternated between Vancomycin and Bactrim in one form or another.[6]  Due to the serious nature of his infection, Cameron was advised that he could need full amputation of his left leg.[7]

After an investigation revealed that Cameron was intoxicated at the time he caused the accident in July 2012, a warrant issued for his arrest in June 2013.[8]  Because it was Cameron's fourth offense for driving while intoxicated, he was charged with a felony.[9]  Cameron was extradited from Kansas and taken into custody at the Montgomery County Jail on January 22, 2014.[10]  Medical records show that Cameron was regularly seen and treated with oral antibiotics at the Jail.[11]  Cameron entered a guilty plea to the charges against him in the 359th District Court of Montgomery County, Texas, and was sentenced to two years' imprisonment on May

---

[5] Id. at 220-21.

[6] Id. at 215 302, 342, 347-48, 365-66, 380, 451-53, 523, 531-32.

[7] Id. at 411.

[8] Docket Entry No. 22, Exh. C at 63, 65-67.

[9] Id.

[10] Id. at 12, 70-73.

[11] Docket Entry No. 22, Exh. D at 165, 175, 192.

13, 2014.[12] Cameron remained at the Montgomery County Jail until July 7, 2014, when he was transferred to TDCJ, where he remains in custody.[13]

In his complaint under 42 U.S.C. § 1983, Cameron alleges that he was denied adequate medical care in violation of his constitutional rights at the Montgomery County Jail.[14] In particular, Cameron contends that he should have been treated with IV antibiotics (Vancomycin) at a hospital facility rather than oral antibiotics and that the defendants' failure to treat him properly constituted "deliberate indifference" to a serious medical need in violation of the Eighth Amendment to the United States Constitution.[15] Cameron seeks punitive damages for his pain and suffering.[16]

Defendants Montgomery County Sheriff's Department and CHC have filed a joint motion for summary judgment, arguing that Cameron's claims fail for a number of alternative reasons. Because it is dispositive, the court confines its analysis to the defendants' contention that Cameron failed to exhaust available administrative remedies before seeking relief in federal court and that his claims

---

[12] Docket Entry No. 22, Exh. C at 15.

[13] Id. at 5-6.

[14] Docket Entry No. 1, at 3-5.

[15] Docket Entry No. 9, at 2, 3.

[16] Docket Entry No. 1, at 4.

are barred from review by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a) as a result.[17]

## II. Standard of Review

Defendants' motion for summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. Under this rule, a reviewing court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986). A fact is "material" if its resolution in favor of one party might affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2510 (1986). An issue is "genuine" if the evidence is sufficient for a reasonable

---

[17] In addition to raising the affirmative defense of exhaustion, the Montgomery County Sheriff's Department notes that it is not an independent legal entity and therefore lacks the requisite legal capacity to be sued. See Fed. R. Civ. P. 17(b); Wakat v. Montgomery County, 471 F. Supp. 2d 759, 768 (S.D. Tex. 2007). The defendants argue further that Cameron fails to establish that Montgomery County or CHC are liable as municipal entities because he does not identify any official policy or custom that was the "moving force" behind the alleged constitutional violation. See Monell v. Dep't of Soc. Servs. of City of New York, 98 S. Ct. 2018, 2037-38 (1978). More importantly, pointing to the medical records and an affidavit from an infectious disease specialist (Dr. Rabih O. Darouiche), the defendants maintain that Cameron fails to demonstrate that he was denied medical care with deliberate indifference or that his constitutional rights were violated. See Estelle v. Gamble, 97 S. Ct. 285, 291 (1976); Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001). Although these arguments appear well taken, the court does not address them further because it is clear that Cameron failed to exhaust administrative remedies before filing suit in this case.

jury to return a verdict for the nonmoving party. Id.

In deciding a summary judgment motion, the reviewing court must "construe all facts and inferences in the light most favorable to the nonmoving party." Dillon v. Rogers, 596 F.3d 260, 266 (5th Cir. 2010) (internal citation and quotation marks omitted). However, the non-movant cannot avoid summary judgment simply by presenting "conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." Jones v. Lowndes County, 678 F.3d 344, 348 (5th Cir. 2012) (quoting TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002)); see also Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (a non-movant cannot demonstrate a genuine issue of material fact with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence). If the movant demonstrates the absence of a genuine issue of material fact, the burden shifts to the non-movant to provide "specific facts showing the existence of a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986).

As noted above, the plaintiff has not filed a response to the motion for summary judgment. The court specifically directed the plaintiff to respond within forty-five days to any dispositive motion filed by the defendants or face dismissal for want of prosecution. (Docket Entry No. 13, ¶ 5). Notwithstanding the

plaintiff's failure to respond, summary judgment may not be awarded by default "simply because there is no opposition, even if the failure to oppose violated a local rule." Hibernia Nat'l Bank v. Administration Cent. Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985). "However, a court may grant an unopposed summary judgment motion if the undisputed facts show that the movant is entitled to judgment as a matter of law." Day v. Wells Fargo Bank Nat'l Ass'n, 768 F.3d 435, 435 (5th Cir. 2014) (citation omitted); see also Eversley v. MBank Dallas, 843 F.2d 172, 174 (5th Cir. 1988).

### III. Discussion

Cameron's complaint is governed by the Prison Litigation Reform Act ("PLRA"), which requires prisoners to exhaust administrative remedies before filing suit in federal court. See 42 U.S.C. § 1997e(a). The Supreme Court has repeatedly emphasized that § 1997e(a) mandates exhaustion of all administrative procedures before an inmate can file any suit challenging prison conditions. See Booth v. Churner, 121 S. Ct. 1819, 1825 (2001); Porter v. Nussle, 122 S. Ct. 983, 988 (2002); Woodford v. Ngo, 126 S. Ct. 2378, 2382-83 (2006); see also Jones v. Bock, 127 S. Ct. 910, 918-19 (2007) (confirming that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court").

The defendants present evidence showing that the Montgomery

County Jail facility had a two-step grievance process in place while Cameron was confined there.[18] Under the first step, an inmate must fill out a grievance form and place it in a sealed envelope stating the allegation or need for the grievance.[19] The Jail's Grievance Officer would then review and investigate each grievance form and return a written decision to the inmate within 15 days.[20] If the inmate disagrees with the Grievance Officer's decision, the inmate must then complete the second step of the grievance process by filing an appeal to the Jail Administrator.[21] If the inmate does not agree with the Jail Administrator's decision, the inmate may then appeal the decision to the Montgomery County Sheriff, whose decision in the matter is final.[22]

Each inmate is informed of the Jail's grievance process through the Montgomery County Detention Facility Inmate Handbook.[23] Cameron signed a written Acknowledgment of Receipt showing that he received a copy of the Inmate Handbook shortly after he arrived at

---

[18] Docket Entry No. 21-1, Exh. A, Affidavit of Senior Sergeant Scott Kurtz ["Kurtz Affidavit"] at ¶ 2.

[19] Id.

[20] Id.

[21] Id. at ¶ 3.

[22] Id.

[23] Id. at ¶ 4; Docket Entry No. 21-1, Exh. A-1, Inmate Handbook at p. 3.

the Jail on January 23, 2014.[24] During his confinement at the Jail, Cameron submitted three grievances complaining about the infirmary's choice of antibiotics.[25] After investigating each of Cameron's grievances, Senior Sergeant Scott Kurtz concluded that Cameron was receiving adequate medical care.[26] Cameron did not file an appeal to the Jail Administrator or the Montgomery County Sheriff regarding any of the responses that he received to his grievances.[27] Thus, Cameron did not comply with Jail procedures by completing the second step of the grievance process.

The Fifth Circuit has made clear that a prisoner does not exhaust available administrative remedies as required by the PLRA where he has only completed one step of a two-step grievance process. See Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001) (concluding that a prisoner's lawsuit was precluded by the PLRA where he "did not pursue the grievance remedy to conclusion"). Likewise, as the Supreme Court has clarified, prisoners may not deliberately bypass the administrative process by flouting or failing to comply with an institution's procedural rules. See Woodford, 126 S. Ct. at 2389. Cameron's failure to complete the grievance process violates the PLRA's exhaustion requirement found

---

[24] Docket Entry No. 21-1, Exh. A-2.

[25] Docket Entry No. 21-1, Exh. A-3.

[26] See id.; see also Kurtz Affidavit at ¶¶ 2, 5.

[27] Kurtz Affidavit at ¶ 6.

in § 1997e(a), which mandates exhaustion before filing suit. Because Cameron has failed to exhaust available administrative remedies before filing suit in federal court, his complaint must be dismissed.[28] See Wright, 260 F.3d at 359.

### IV. Conclusion and Order

Accordingly, it is **ORDERED** that:

1. Defendant's Motion for Summary Judgment (Docket Entry No. 21) is **GRANTED**.

2. The complaint (Docket Entry No. 1) is **DISMISSED** without prejudice for the plaintiff's failure to exhaust administrative remedies.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 23rd day of July, 2015.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[28] Although the Montgomery County Sheriff's Department and CHC are the only defendants to move for summary judgment, Cameron's failure to exhaust administrative remedies also bars his claims against Tammy Tovar, who has not been served. See Docket Entry No. 17 (return of service unexecuted). Accordingly, the claims against Tovar are also subject to dismissal.